UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80123-RLR

UNITED STATES OF AMERICA

vs.

CODEY ALLEN BATES,

                Defendant      /

## FACTUAL PROFFER

The United States of America and Codey Allen Bates ("Defendant" or "BATES") agree that had this case gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. On July 13, 2023, your Homeland Security Investigations (HSI) in the Southern District of Florida received information from HSI Cyber Crimes Center (C3) pertaining to BATES. A United Kingdom (UK) Foreign Law Enforcement Agency reviewed the devices of a suspect of an investigation in the UK. During this review, a video of child sexual abuse was recovered. The UK provided that the video was titled "American Daddy N Boy-11" and was believed to have been created in 2018. This video was also provided to HSI.

2. HSI agents reviewed the video which depicted an adult male masturbating. The adult male went off-camera for a brief period then reappeared with a male toddler (Minor Victim 1 or "MV1") who appeared to be less than 2 years' old. The adult male removed MV1's diaper, exposing MV1's genitals to the camera as the focus of the video. The adult male then replaced the diaper on MV1.

3. The adult male then exposed his own genitals to the camera and masturbated again. A short time later, the adult male relocated to another room where MV1 can be seen inside a crib.

The adult male then placed his penis between the bars of the crib and placed MV1's hand on his (the adult male's) penis multiple times. The adult male turned the light on in the room and again puts MV1's hand on his (the adult male's) penis. The adult male then relocated to another area with MV1and placed MV1's hand on his (the adult male's) penis and briefly masturbated.

4. The video appears to have been recorded by a person whom BATES communicated with through the website Omegle.

5. Law enforcement obtained a positive match for the male in the video as the defendant, Codey BATES of Vero Beach, Florida. The photo on BATES' Florida driver's license is the same adult male suspect in the video. When reviewing the video, the law enforcement noted several identifying features on the bedroom wall in the background, such as a large dreamcatcher, a family caricature portrait, and the first name of MV1 on the wall.

6. Utilizing this information and publicly available social media profiles and posts, HSI was able to identify, locate, and interview the mother of MV1 from the video. During the interview, HSI agents showed sanitized screenshots of the video to MV1's mother who was able to positively identify the location of where the video was produced, which was inside her previous home on Rue Road in West Palm Beach, FL, where she resided with BATES from approximately 2016 to 2018. This residence is located in the Southern District of Florida.

7. MV1's mother positively identified the adult male as BATES. MV1's mother identified MV1 as the non-verbal autistic child who was the biological child of BATES and MV1's mother. MV1's mother provided that MV1 was born in November 2016. MV1's mother also positively identified the dreamcatcher, family caricature portrait, name on the wall, bed sheets, and closet from the screenshots shown to her from the video. According to MV1's mother, these items were located in the bedroom that she shared with BATES as well as in MV1's bedroom.

8. MV1's mother also noted that their son appeared to be approximately one years' old in the video. MV1's mother stated that the family caricature portrait seen on the wall in the video was painted on or about January 2018 at a fair. She further stated that she, BATES, and MV1 moved out of the residence around June 2018.

9. On July 14, 2023, HSI obtained an arrest warrant based upon the above information for BATES. BATES was located the same day walking out of his place of employment in Vero Beach, FL.

10. Post-*Miranda*, BATES provided a number of addresses dating back to his childhood where he lived. The agents provided screenshots from the video to Bates as follows to which he provided the following comments:

   a. 1st Screenshot – BATES identified the bedroom in the house on Rue Road;

   b. 2nd Screenshot – BATES identified the dreamcatcher in the room and caricature on the wall that noted were in the home on Rue Road;

   c. 3rd Screenshot – BATES identified MV1's bedroom;

   d. 4th Screenshot – BATES identified himself in front of the dreamcatcher in the room but was unable to recall when that photo could or would have been taken;

   e. 5th Screenshot – BATES identified MV1 with the dreamcatcher and BATES offered that MV1 was approximately eight months old;

   f. 6th Screenshot – BATES identified MV1 in his bedroom

11. After being told these screenshots were created by law enforcement from the aforementioned video, BATES admitted he had been on Omegle two times. BATES said he did nothing on Omegle and could not recall who he chatted with or when he was on the website. He explained Omegle is a random connection of livestreaming where users do not need an account.

12. The agents showed parts of the video to BATES. The agents asked BATES what

he was doing in the rest of the video to which he said, "I don't know; probably something I shouldn't have been doing; I don't even want to see it; I don't even want to see it!!" He offered that he was probably masturbating in the video and that MV1 might have been laying in the bed but nothing else was going on. He then added, "nothing should have happened" with MV1. He stated this was all through his device but someone on the other end of the Omegle chat must have recorded it. BATES then seemed to recall he was chatting with a "chick" but not able to see her on the other end, as he stared at a blank screen. He repeatedly denied recalling anything else about the video.

13. The agents then played the video at the 15:10 mark (the child's hand on BATES' penis). BATES stared without saying anything and then said he did not want to see anymore. He stated he was not even trying to have "any of that" go on. He offered the other user was telling him "this and that" and he didn't know what to do; that the people he was talking to wanted to see his kid and "then he wakes up and boom that's what was going on". The agents then ask him: "do you remember what she asked possibly back then to do with the kid?" BATES responded: "yeah it was to have him touch your" (quoting what the other user requested). Before BATES finished his sentence, he invoked his right to counsel.

By agreeing to these facts, BATES agrees the following elements of production of child pornography, charged in Count 1 of the Indictment, would be proven beyond a reasonable doubt had this case gone to trial, that:

1. An actual minor, that is, Minor Victim 1, who was less than 18 years old, was depicted;
2. The defendant used, coerced, or persuaded Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction, e.g., a video of the conduct; and

3. The defendant knew or had reason to know that the visual depiction, e.g., a video was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means.

Date: 11/17/23      By: _____
                        MARKENZY LAPOINTE
                        UNITED STATES ATTORNEY
                        GREGORY SCHILLER
                        ASSISTANT UNITED STATES ATTORNEY

Date: 11/17/23      By: _____
                        SCOTT BERRY
                        ASSISTANT FEDERAL PUBLIC DEFENDER

Date: 11/17/23      By: _____
                        CODEY ALLEN BATES
                        DEFENDANT