UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80123-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

CODEY BATES,

    Defendant.
_____/

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

More than six years ago, Codey Bates made a terrible decision at the behest of another individual on the internet. [PSR ¶ 17]. Unbeknownst to him, that other person recorded his behavior, capturing just 20 minutes (approximately) of his nearly three decades of life. [PSR ¶ 16]. Though he has accepted responsibility for his decision, and has virtually no other criminal history, he will forever be required to register as both a convicted felon and sexual offender. He now faces between 15 and 30 years in federal prison and, if the government later determines he is too dangerous to release, he could also face an indefinite civil commitment following his prison sentence. 18 U.S.C. § 4248. Upon his release, he will certainly serve a lengthy period of supervision.

Mr. Bates is also someone who has been classified in the borderline range of intellectual functioning. Ex. A (filed under seal). He spent three years trying to

1

finish the third grade and he failed all of his classes in the eleventh grade. [PSR ¶ 62]. He left high school with a cumulative grade point average of 1.05 and without a diploma. [PSR ¶ 62]. Dr. Michael Brannon, a forensic psychologist, found his score of 71 on an intelligence test placed him in the fifth percentile of individuals taking that test – he scored lower than 95% of the population. Ex. A. He also diagnosed Mr. Bates with ADHD, a neurodevelopmental disorder defined, in part, by an inability to control impulsive behaviors. Ex. A. At sentencing, Dr. Brannon will explain that, taken together, these disabilities likely contributed greatly to Mr. Bates' poor decision that day because they impact both his judgment and impulse control, but nonetheless, do not prevent him from benefiting from sex offender rehabilitation treatment.

Indeed, the Supreme Court has long recognized intellectual disability reduces culpability for criminal conduct. In *Atkins v. Virginia*, 536 U.S. 304, 318 (2002), the Court eliminated the death penalty for intellectually disabled adults, explaining that "diminished capacities to understand and process information, to communicate, to abstract from mistakes and learn from experience, to engage in logical reasoning, to control impulses, and to understand the reactions of others" may not "warrant exemption from criminal sanctions, but they do diminish their personal culpability."

Yet the applicable guideline – section 2G2.1 – does not make an adjustment for Mr. Bates' borderline intellectual functioning. Instead, that section recommends a sentence near the statutory maximum *in a large number of its cases*

because of specific offense characteristics that fail to distinguish between the least and worst child pornography offenders. *See United States v. Jacob*, 631 F. Supp.2d 1099, 1114-15 (E.D. Iowa 2009) (categorically rejecting section 2G2.1 because, among other things, many of the specific offense characteristics are present in every case); *see also United States v. Price*, 775 F.3d 828, 841 (7th Cir. 2014) (affirming the district court's decision to categorically reject the advisory guideline range for the same reasons). Here, increases Mr. Bates received for victim age, sexual contact, and being a parent or caregiver are common in 90.8%, 71.7%, and 47.5% of section 2G2.1 cases, respectively. United States Sentencing Commission, *Federal Sentencing of Child Pornography: Production Offenses*, 20 (2021) ("2021 REPORT"). And because of this failure to achieve proportionality, district courts routinely vary downward from the ranges that guideline produces. 2021 REPORT at 22 (finding "[t]he majority of child pornography production offenders sentenced under § 2G2.1 (57.2%) received a variance below the guideline range under 18 U.S.C. § 3553(a)," with more than a third received over the government's objection).

      Accordingly, Mr. Bates asks this Court consider his lack of significant criminal history, his borderline intellectual functioning, his ADHD, the significant flaws in the section 2G2.1 guideline range and the large percentage of district courts that vary from it and impose a below-guideline sentence of 15 years.

3

Wherefore, the defendant, CODEY BATES, through counsel, respectfully requests this Honorable Court grant his request for a downward variance.

    Respectfully submitted,

    MICHAEL CARUSO
    FEDERAL PUBLIC DEFENDER

By: *s/ Scott Berry*
    Scott Berry
    Assistant Federal Public Defender
    Attorney for Defendant
    Florida Bar No.0525561
    250 South Australian Avenue
    Suite 400
    West Palm Beach, Florida 33401
    (561) 833-6288 - Telephone
    Scott_Berry@fd.org – Email

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    *s/Scott Berry*
    Scott Berry